### W. A. BOSWELL v. J. J. TERRELL, COMMISSIONER, ET AL.

No. 1239. Decided January 18, 1904.

**1.—School Land—Sale—Forfeiture—Resale.**

An application to purchase school land formerly sold to another, made on the day such prior sale became subject to forfeiture for nonpayment of interest and before notice had been sent by the Commissioner to the county clerk that the land was offered for sale as required by law (Rev. Stats., art. 4218) did not confer on the applicant any right preventing the reinstatement of the first sale. (Following Willoughby v. Townsend, 93 Texas, 80; Ford v. Brown, 96 Texas, 537. (P. 260.)

**2.—Same.**

The fact that the Commissioner had previously advertised the land for sale on the day when the first purchase would become forfeited, did not dispense with the necessity for the notice to the county clerk required by statute. (P. 260.)

Original application to the Supreme Court, by Boswell, for mandamus against Terrell as Commissioner of the General Land Office, making G. W. Williford, an adverse claimant of the land sought to be purchased, a corespondent with the Commissioner.

*James & Yeiser,* for relator.

*C. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant, for respondent.

WILLIAMS, Associate Justice.—Relator applied to purchase the land in controversy September 1, 1899, the same day on which the prior purchase of the corespondent was forfeited for nonpayment of interest, and before notice had been sent by the Commissioner to the county clerk that the land was offered for sale, as required by article 4218, Revised Statutes. Some time afterwards, but before any further action, so far as appears, was taken upon relator's application, corespondent applied for and secured a reinstatement of his purchase. Under the decisions of this court in Willoughby v. Townsend, 93 Texas, 80, and Ford v. Brown, 96 Texas, 537, the land was not subject to sale at the date of relator's application and it could not take effect from its filing. It could only have effect from some action based on it after the land came upon the market and from the date of such action. None having been taken when corespondent applied for reinstatement, there was no intervening right to prevent such relief. The fact that the Commissioner had previously advertised the land for sale on September 1st did not dispense with the necessity of compliance with the statutory requirement of notice to the county clerk.

*Mandamus refused.*