## J. H. FINE v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE.

### No. 1945.    Decided April 14, 1909.

**School Land—Cancellation of Lease—Placing on Market.**

Under section 2 of the Act of April 15, 1905 (Laws, 29 Leg., p. 159) on the cancellation of a lease of school land by the Land Commissioner the land is not on the market for sale until such time, not less than ninety days, as the Commissioner may fix for its sale, and an application to purchase it before that time confers no right. (Pp. 407, 408.)

Original application to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*D. E. Simmons, J. D. Cunningham, D. W. Doom* and *D. H. Doom,* for relator.—The two sections of land in controversy having been under lease, and the lease having been cancelled on the 15th day of October, A. D. 1908, and notice given to the county clerk, the land came upon the market ninety days thereafter, that is to say, on the 14th day of January, A. D. 1909, as alleged in plaintiff's petition, and the Commissioner of the General Land Office, defendant in this case, had no authority to extend the time to one hundred and twenty-six days, that is, to the 18th day of February, A. D. 1909, and plaintiff's application and bid having been opened on the 15th day of January, A. D. 1909, one day after the ninety days had expired, should have been granted. Sections 2 and 7 of the Act of April 15, 1905, page 159; Cobb v. Webb, 64 S. W., 792; Ketner v. Rogan, 95 Texas, 559; Collyns v. Cain, 87 Texas, 612; Walraven v. National Bank, 96 Texas, 331.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

MR. JUSTICE BROWN delivered the opinion of the court.

On the 10th day of January, 1909, being qualified to purchase public school lands of the State, the relator made application to the Commissioner of the General Land Office for the purchase of sections 18 and 19 in block A-47, Andrews County. The applicant complied in all respects with the requirements of the statute and it is unnecessary to detail the facts here. Andrews County was unorganized and was attached to Martin County for judicial purposes. On the 1st day of July, 1899, the Commissioner of the General Land Office leased the lands in question for ten years to Thos. Newman, who paid the lease money on the same regularly until the first day of July, 1908, when the owner of the lease failed to pay the lease money and on the 15th day of October, 1908, the Commissioner declared the lease void and notified the county clerk of Martin County of the cancellation of the lease and that the land would be on the market on the 18th day of February, 1909.

When relator's application was made on the 10th day of January, 1909, the Commissioner of the General Land Office rejected it because the land was not on the market at the time the application was made. The Commissioner filed his answer to this petition for mandamus, setting up the facts as stated above, and the issue is, whether by operation of law the land was placed upon the market without any action on the part of the Commissioner.

The 2d section of an Act of the Legislature, approved April 15, 1905, providing for the sale and lease of school and asylum lands, being chapter 103 of the Laws of the Twenty-ninth Legislature, page 159, prescribes the rule by which this case is to be decided as follows:

"In cases where lands are now leased or may be hereafter leased and the same shall come on the market by reason of the expiration of such lease, it shall be the duty of the Commissioner to notify the county clerk ninety days, when practicable, before the expiration of such lease, of the date of such expiration. When a lease is for any cause canceled, he shall notify the county clerk of that fact and fix a date not less than ninety days thereafter on and after which applications to purchase may be filed. All notices of expiration and cancellation of leases shall be forthwith recorded as required for notices of classification and valuation. The Commissioner shall adopt such means as may be at his command that will give the widest publicity as to when land will be on the market for sale by reason of expiration of any lease. Such publicity shall, when practicable, be given ninety days in advance of such expiration. When a lease is cancelled for any cause, the land shall not be for sale until ninety days thereafter. Immediately after the cancellation of a lease or leases the Commissioner shall proceed to give publicity to the fact, the same as is herein required with reference to publicity of expiring leases. If there are no other satisfactory or sufficient means at the command of the Commissioner that will give the necessary publicity, he shall have printed at the expense of the State, to be paid out of the appro-

priation for public printing, a list or lists of the lands and send them out in the mail and to every person requesting them. Such lists shall also contain a brief statement as to how one shall proceed to purchase the land."

Upon cancellation of the lease it was made the duty of the Commissioner of the General Land Office to notify the county clerk of Martin County of that fact, which he did. It was also his duty at the same time to fix a date on which applications might be filed in the land office to purchase the land, and this he did also. The only limitation placed upon the time when applications might be filed for its purchase was that it should not be less than ninety days. The time beyond ninety days was left to the discretion of the Commissioner in order that he might give suitable and necessary publicity to the fact that the land was on the market and thereby secure the benefit of competition among the different persons who might wish to purchase.

In this instance purchasers had no right to present their applications until the date fixed by the Commissioner, which was the 18th day of February, 1909, and the relator having presented his applications at a time when the land was not on the market for sale, the Commissioner rightly rejected them. It is therefore ordered that the petition for writ of mandamus be refused, and that the relator pay all costs of this proceeding.