### HOUSTON v. KOONCE.†

(Court of Civil Appeals of Texas. March 4, 1911. On Motion for Rehearing, April 8, 1911.)

1. PUBLIC LANDS (§ 173*) — STATUTES — REPEAL.

Acts 1901, c. 125, § 3, prohibits the Commissioner of the General Land Office from selling to the same party more than four sections of land, provided such provision shall not apply to sales made and afterwards canceled as invalid for some reason other than abandonment, where the purchaser was not at fault, and the act also requires the purchaser to reside upon the land for a certain period and improve it under penalty of forfeiture, but does not provide for cash sales. Acts 1905, c. 103, § 8, provides for the survey and sale of public school lands for cash in whole or part without expressly limiting the amount sold to each person, but provides that sales of 640 acres or less shall be without condition of settlement and improvement with right of payment at any time, and that all other unsurveyed vacant tracts shown by the official maps in the land office when an application for survey is filed shall be sold on condition of settlement and improvement as provided by law for the sale of surveyed lands, and that, when land is purchased without the condition of settlement, etc., the application shall otherwise conform to the requirements for surveyed lands, except as to settlement, etc. *Held*, that section 3 of Act 1901 was not repealed by section 8, so that one person could not purchase more than four sections of public school lands.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 173.*]

2. STATUTES (§§ 161, 225*)—CONSTRUCTION— TWO STATUTES ON THE SAME SUBJECT.

Two statutes relating to the same subject should be harmonized, if possible, so as to effectuate each; it being presumed that an implied

---

repeal was not intended unless the statutes are repugnant.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 230–234, 302, 303; Dec. Dig. §§ 161, 225.*]

On Motion for Rehearing.

3. PUBLIC LANDS (§ 173*) — SCHOOL LANDS — FORFEITURE—SUFFICIENCY OF EVIDENCE.

In trespass to try title in which plaintiff relied upon a purchase from the state as school lands, evidence *held* to show prima facie that the land had been forfeited.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 173.*]

4. TRESPASS TO TRY TITLE (§ 38*)—ACTIONS— ·BURDEN OF PROOF.

The burden is on plaintiff in trespass to try title to show title in himself.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

Appeal from District Court, Ward County; S. J. Isaacks, Judge.

Action by G. G. Houston against J. E. Koonce. From a judgment for defendant on a directed verdict, plaintiff appeals. Affirmed.

J. E. Starley, for appellant. A. S. Hawkins, for appellee.

DUNKLIN, J. G. G. Houston sued Mrs. J. E. Koonce in trespass to try title to recover two tracts of land designated as surveys Nos. 17 and 16, and, from a judgment rendered in defendant's favor upon a verdict returned in obedience to a peremptory instruction by the court, plaintiff has appealed.

The evidence of title upon which the plaintiff relied was ·a purported purchase from the state under and by virtue of section 8, c. 103, p. 164, Acts of the Legislature of 1905. Prior to the purported sales of the two surveys to the plaintiff by the Commissioner of the General Land Office, plaintiff had already purchased from the state the following four surveys of public school land designated as surveys Nos. 12, 13, 14, and 11. Plaintiff applied for the purchase of said survey 12 for the purposes of a home on condition of settlement and for the purchase of surveys 13, 14, and 11 as additional to survey 12, his home section. These four tracts were surveyed under section 8, c. 103, of the act of 1905, and no sale of any of these four surveys has been canceled.

Section 3, c. 125, p. 294, Acts of the Legislature of 1901, provides that: "The commissioner of the General Land Office is hereby prohibited from selling to the same party more than four sections of land, and all applications to purchase land shall also disclose the prior lands purchased by the applicant from the state, if any, since the taking effect of this act, and the residence of the applicant at said time, and if it appears therefrom or from the records in the land office that said applicant has already purchased land aggregating four sections since the taking effect of this act, his application shall be rejected; provided this shall not apply to sales made to a purchaser and afterwards canceled as invalid for some reason other than abandonment and where the purchaser himself was not at fault. * * *"

If the provision quoted above from the act of 1901 was repealed by section 8 of the act of 1905, then the judgment should have been in plaintiff's favor; otherwise it was correct, and, as defendant introduced no evidence to prove title in herself, this is the only question presented for our decision.

[1] The act of 1905 contains a general provision repealing all laws and parts of laws in conflict with it, but contains no specific reference to the act of 1901. Section 8 of the act of 1905 provides for the survey and sale of certain unsurveyed public school lands either for cash or for part cash and part on long time, and contains no express inhibition of sale to a person who had already purchased four sections; but it expressly provides that sales of tracts containing 640 acres or less shall be "without condition of settlement and improvement, and with the right to pay the same out at any time and obtain patent." It further provides that "all other unsurveyed vacant tracts disclosed by the official maps in use in the land office when an application for survey is filed shall be sold on condition of settlement and improvement as provided by law for the sale of surveyed land." The act contains the further provision: "When the land is applied for and purchased under this section, without condition of settlement and improvement, the application to purchase shall otherwise conform to the requirements of application for surveyed land except as to settlement and designation of home tract."

[2] The two acts should be harmonized, if possible, and force and effect given to each, and, unless the language quoted above from the act of 1901 prohibiting the sale of more than four sections to the same person is repugnant to the act of 1905, it must be presumed that in passing the latter act the Legislature intended that the former statutory inhibition mentioned should continue in effect. Sutherland on Stat. Const. §§ 138, 217; 36 Cyc. 1149. The act of 1901 required the purchaser of land to reside upon the land for a given period and to improve the same, and provided for a forfeiture of the land in the event of his failure to comply with that requirement; and in that act there was no provision for sales entirely for cash. ·As will be observed from what we have said already, the act of 1905 expressly changed the provisions of the former act in the particulars last noted, thus showing that the Legislature had in mind the former law, and intended no change thereof except as expressed in the latter act. The inhibition of a purchase by the same person of more than four sections of public school land is in no

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

manner repugnant to any of the provisions of section 8 of the act of 1905 and was not repealed thereby.

As the attempted sale of the land in controversy was in violation of that inhibition, it conveyed no title to appellant, and, as there was no other evidence to support his claim of title, the judgment is affirmed.

### On Motion for Rehearing.

An act passed by the Twenty-Ninth Legislature, approved March 16, 1905 (see General Laws 1905, p. 35), reads: "Be it enacted by the Legislature of the state of Texas: That hereafter all persons claiming the right to purchase or lease any public free school lands, or any lands belonging to the State University, or either of the state asylums which have been heretofore or which may be hereafter sold or leased to any other person under any provision of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after this act goes into effect, or after the date of the award of such sale or lease, if such award is made after the taking effect of this act, and not thereafter. If no suit has been instituted by any person claiming the right to purchase or lease any of said land within the period of time limited in the first section of this act, it shall be conclusive evidence that all the requirements of the law with reference to the sale or lease of such lands have been complied with; provided that nothing in this act shall be construed to affect the state of Texas in any action or proceeding that may be brought by it in respect to any of said lands."

In his motion for rehearing appellant calls attention to the facts shown in the record that the two sections of land in controversy were awarded to him by the land commissioner November 10, 1906, and April 19, 1907, respectively, and that no suit was filed against him to recover the same, and that he instituted this suit in May, 1909, more than one year after said awards. Upon those facts appellant invokes the benefits of the act referred to above and the decision of our Supreme Court construing the same in Erp v. Tillman, 131 S. W. 1057. In that case there was a contest over the title of a section which had been awarded to an applicant by the land commissioner, the validity of the award being challenged, and our Supreme Court said: "A year was deemed sufficient time in which to allow awards to be put to the test previously applied at the instance of intending purchasers and lessees, and after which only the state could interfere. This seems to make it sufficiently evident that this is not an ordinary statute of limitation. The award in such a contest as this constitutes the title of the purchaser which may be produced in evidence without special pleading, and when it is produced and shown to have stood for a year this statute, of which the court must take notice, makes it conclusive evidence of a sale valid against every one but the state."

[3] However, the statement of facts in the record in this case shows that appellant testified that he paid the interest due the state on the two sections for 1908 and also remitted to the land commissioner the interest on those two sections for the year 1909, but that the remittance for 1909 was returned to him by the land commissioner. Written documents in duplicate, addressed to the land commissioner at Austin, Tex., describing the surveys in controversy, purporting to be statements by appellant of remittances of interest on those sections for the year 1909, one of the copies relating to each section being styled, "Original Coupon and Receipt (to be returned to sender)," and the other, "Duplicate Coupon (to be kept by Land Office)," were introduced in evidence by appellant. Across the face of the copy designated, "to be returned to sender," is indorsed the word, "Forfeited," and across the face of the copy designated, "to be kept by Land Office," is written: "Forfeited. Filed October 20, 1909. J. T. Robison, Commissioner." Appellant did not testify that the land had not been forfeited to the state by the land commissioner and introduced no testimony in any manner tending to dispute the apparent showing that the land had been forfeited.

[4] In the absence of some showing or explanation, we think the facts recited above prove prima facie that the land had been forfeited, and, as it was incumbent upon appellant as plaintiff in the case to show title in himself, the judgment was correct, independent of the reasons assigned in our original opinion.

The motion for rehearing is therefore overruled.