Ivey Lee RHOADES, a feme sole, Appellant,

v.

Howard C. MEYER, Appellee.

No. 7811.

Court of Civil Appeals of Texas.

Texarkana.

July 18, 1967.

Rehearing Denied Aug. 29, 1967.

---

Norman P. Hines, Jr., Burnett, Hines & Wood, Dallas, John K. Meyer, Hinds & Meyer, Houston, for appellant.

W. H. Vaughan, Jr., Fulbright, Crooker, Freeman, Bates & Jaworski, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

CHADICK, Chief Justice.

The trial court entered a summary judgment that plaintiff Ivey Lee Rhoades, a feme sole, take nothing from Howard C. Meyer, one of several defendants in an action to cancel a deed, or deeds, and to recover title to land. After judgment the cause of action against Meyer was severed and this appeal ensued. The judgment is reversed and the cause remanded.

In the trial court appellee Meyer construed the allegation of the Rhoades trial petitions' cancellation count as a special plea of title having the effect of excluding from the court's consideration any other title that might be provable under the trespass to try title count. Relying on such analysis and construction of the Rhoades petition, Meyer moved for summary judgment and supported his motion with uncontroverted affidavits purporting to show that suit for cancellation was barred by the four year statute of limitation, Vernon's Tex.Rev.Civ.Stat.Ann. art. 5529 (1958).

When specific allegations of title consist of matters that are admissible under the formal trespass to try title count a plaintiff is bound by the title relied upon in such special plea. Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944 (1942); 56 Tex.Jur.2d Trespass to Try Title § 86 (1964); 2 Texas Civil Practice, (McDonald), Pleading: Petition, § 6.19. In arriving at a decision here it is noticed for the purpose of analogy that it is equally well settled that evidence of limitation is not admissible under the general allegations of a formal trespass to try title count. The statute of limitation must be specifically pled. Erp v. Tillman, 103 Tex. 574, 131 S.W. 1057 (1910); Miller v. Gist, 91 Tex. 335, 43 S.W. 263 (1897); Franzetti v. Franzetti, 124 S.W.2d 195 (Tex.Civ.App. Austin, 1939, writ ref'd). Commenting on the necessity of pleading limitation when it is relied on in a trespass to try title suit, Professor McDonald in the text cited says: "Manifestly it would be unfair to compel the plaintiff to allege his limitation title and then, because of such allegation, deprive him of his right to rely upon the formal count." When confronted by an objection, evidence supporting the equitable remedy of cancellation of an instrument is not admissible under the formal trespass

to try title count; and becomes admissible only when cancellation pleadings are tendered. Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472 (1892); Nash v. South, 84 S.W.2d 293 (Tex.Civ.App.1935); Cole v. Waite, 242 S.W.2d 936 (Tex.Civ.App.1951). Uniformity in practice and procedure, if not reason and justice, requires that limitation and cancellation pleadings be accorded similar treatment; and neither construed as a plea limiting a party to the title pled in the limitation or cancellation count, when the petition contains a trespass to try title count and the entire pleading does not affirmatively show reliance solely on the title pled in the limitation and cancellation count. In this instance, as in the case of a plea of limitation, the petition not showing that the title pled is relied on to the exclusion of any other title, it would be overly restrictive to hold the title pled in the cancellation count binds the plaintiff to such title and bars proof of a different title under the trespass to try title count.

The cancellation count of Ivey Lee Rhoades' Suit is pled in paragraphs numbered III through VII of her trial petition. An action in equity is stated for cancellation of certain deeds to an undivided one-seventh interest in land described in the petition. Her allegations in these paragraphs make a claim of title and right of possession to the described land as an heir of her father and as the vendee of her father's other heirs. The next three numbered paragraphs contain similar pleadings concerning defendants other than Meyer, and are not material to this appeal. Paragraph XI begins with the statement, "Pleading now in trespass to try title". Following this introductory language a trespass to try title count, substantially in statutory form, is set out. Meyer's answer included a formal Not Guilty plea. The quoted prefatory statement in paragraph XI of the Rhoades petition does not in so many words say that the trespass to try

title count is alternative to the cancellation count. It does, however, give notice of a shift in the pleading from the statement of one cause of action to a statement of another and excludes any implication of dependency of one count upon the other. The writers of the texts heretofore cited view pleading of this nature as the statement of additional, multiple, or cumulative causes of action. The last sentence of Rule 48, and Rules 50 and 51[1] countenance pleadings embodying several independent counts that are not mutually exclusive, whether stated in the alternative or not. This court declines to hold that evidence of title was not admissible under the trespass to try title count in the Rhoades petition.

In Land v. Turner, 377 S.W.2d 181, 5 A.L.R.3d 364 (Texas 1964), it is said that a plaintiff may recover title to land in a trespass to try title action "by (1) proving a regular chain of conveyances from the sovereign; (2) by proving the superior title out of a common source, (3) by proving title by limitation, or (4) by proving prior possession, and that the possession has not been abandoned." Such grounds of recovery are separate and independent. As movant for summary judgment in the trial court, Meyer had the burden of showing that there was no genuine issue of material fact, and that he was entitled to judgment as a matter of law. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Texas 1965); Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1957); Rule 166-A.[2] Meyer's motion and affidavits on file were directed to and pertinent only to the cancellation issue. All issues joined by the Rhoades petition's trepass to try title count and Meyer's not guilty plea are neither reached, resolved, nor extinguished by Meyer's motion for summary judgment and attached affidavits. The judgment must be reversed and the cause remanded. It is so ordered.