**C. C. MIZE, Appellant,**

v.

**WOOD COUNTY, Texas, Appellee.**

**No. 510.**

Court of Civil Appeals of Texas, Tyler.

Nov. 12, 1970.

Charles H. Clark, Tyler, for appellant.

No brief filed for appellee.

DUNAGAN, Justice.

This is a trespass to try title suit. The suit was instituted by the appellee against the appellant, C. C. Mize, in the 115th Judicial District Court of Wood County seeking title to 2.24 acre tract of land. Appellee alleged in its petition that the appellant-defendant was constructing a building on said land and sought a writ of restitution and injunction. Appellant filed his original answer which contained a plea of not guilty. Trial was had before the court without the aid of a jury.

Judgment was rendered for the appellee-plaintiff granting to it the exclusive right to use the property in question for road purposes and ordered the appellant to remove the obstruction from said tract of land. No findings of fact or conclusions of law was filed and none was requested.

The trial court in its judgment found that the appellee, Wood County, had acquired a right-of-way for road purposes upon and across the tract of land here in question and that appellant had placed an obstruction thereon which interfered with appellee's use thereof for road purposes.

Appellant first contends that there is no evidence or the evidence is insufficient to support the judgment of the trial court.

Appellee has not filed a brief and did not avail itself of oral argument. Rules 423 and 427, Texas Rules of Civil Proce-

dure. It has not challenged in any manner the statements in appellant's brief relative to the facts in the record. Therefore, we accept the statements contained in appellant's brief relating to the facts and the record. Rule 419, T.R.C.P.; Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App., San Antonio, 1949, writ ref.); Agricultural Workers Mutual Auto Insurance Company v. Dawson, 424 S.W.2d 643 (Tex.Civ.App., Tyler, 1968, n. w. h.); Hartford Fire Ins. Co. v. Owens, 272 S.W. 611 (Tex.Civ.App., Ft. Worth, 1925, writ ref.). However, we have checked the references in appellant's brief and find them to be correct.

At the trial of the case appellee introduced into evidence a plat apparently showing the location of the 2.24 acre tract of land, the title to which was placed in issue by plaintiff's pleadings. Appellee also introduced into evidence over appellant's objection a deed from John M. Smith et al to appellee which appears to have conveyed an easement over some properties situated in 6 surveys in Wood County, Texas. The easement is described as a sixty (60) foot road to be located along and with the shoreline of Lake No. 3 located near Hawkins, Texas.

■ By suing in trespass to try title appellee assumed the burden of proving title to the property in question. 56 Tex.Jur.2d, p. 67, sec. 7. It was incumbent on appellee to recover on the strength of its own title and not on the weakness of the title of the appellant. Hejl v. Wirth (1961), 161 Tex. 609, 343 S.W.2d 226; Rilling v. Munoz, 344 S.W.2d 696 (Tex.Civ.App., San Antonio, 1961, writ ref., n. r. e.); Burkhart v. Horn, 369 S.W.2d 680 (Tex.Civ.App., San Antonio, 1963, n. w. h.).

■ This being a suit in trespass to try title, appellee had the burden of recovering title to the land in question by (1) proving a regular chain of conveyances from sovereignty, (2) proving the superior title out of a common source, (3) proving title by limitations, or (4) proving prior possession and that the possession has not been abandoned. Such grounds of recovery are separate and independent. Rhoades v. Meyer, 418 S.W.2d 300 (Tex.Civ.App., Texarkana, 1967, writ ref., n. r. e.).

■ Appellee introduced into evidence the deed from John M. Smith et al to Wood County as above stated. This was the only documentary evidence which in any way related to appellee's alleged title. There is no connection by the grantors in that deed to sovereignty. Appellee made no attempt to prove either common source or chain of title from common source. Neither did the appellee attempt to prove title by limitation nor show prior possession. In fact, appellee in its pleadings complained of appellant being in possession of the land in question.

When all of the testimony and documentary evidence is considered, we think it is clear that appellant did not prove title to the property in question under either of the four ways set out in Rhoades v. Meyer, supra.

■ The deed from John M. Smith et al grants nothing more than an easement. Apparently appellee recognized that such instrument granted only a easement because upon the introduction of said deed into evidence, he referred to it as an easement deed. Such a deed would not support an action in trespass to try title. City of Mission v. Popplewell, 156 Tex. 269, 294 S.W. 2d 712 (1956). Suit in trespass to try title is not the proper remedy for any complaint appellee may have against appellant for obstructing an easement. Gillett v. Van Horne, 36 S.W.2d 305 (Tex.Civ.App., El Paso, 1931, writ dism.).

■ Appellant next contends that there is a fatal variance between appellee's pleadings, proof and the trial court's judgment. A judgment must conform to the pleadings. Rule 301, T.R.C.P.; 33 Tex.Jur.2d, p. 564, sec. 65; London Terrace, Inc. v. McAlister, 179 S.W.2d 515 (Tex.Civ.App., Dallas, 1944, reversed on other grounds, 142 Tex. 608, 180 S.W.2d 619). "The plaintiff must

recover in the right in which he sues and upon the facts stated in his pleadings as the basis of that right, and cannot recover on a right different from that asserted, * *." Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S.W.2d 931, 934 (1935). The want of sufficient pleadings to support a judgment is as fatal to the judgment as a want of evidence, and a judgment can no more be properly rendered on insufficient pleadings than on insufficient evidence. Forman v. Barron, 120 S.W.2d 827, 830 (Tex.Civ.App., El Paso, 1938, writ ref.). The judgment in the instant case was not authorized by appellee's pleadings.

The appellant also complains of the failure of appellee to file an abstract of title pursuant to demand made under Rule 791, T.R.C.P.

Appellant filed a demand for abstract of title as required by Rule 791, T.R.C.P. Appellee did not file an abstract of title. At the time appellee offered the John M. Smith et al deed into evidence appellant timely objected on the grounds that the rules of procedure had not been properly followed in relation to the admission of the instrument into evidence which objection by the court was overruled.

■ Appellant's point is well taken. It has been held that if a party fails to file an abstract of title within the prescribed time after demand has been made, no evidence of his claim or title may be given. Rule 792, T.R.C.P.; 56 Tex.Jur.2d, p. 224, sec. 106 and Mason v. Tobin, 408 S.W.2d 243 (1st Tex.Civ.App., Houston, 1966, n. w. h.).

We think, under the facts presented, that the ends of justice would be better served by a remanding of this cause rather than by a rendition. Accordingly, the judgment is reversed and remanded without prejudice to right of appellee to amend its pleadings to comport with its claim of an easement across and upon the property in question.

Judgment reversed and remanded.