**Betty Lou Goosby LUTZ, Appellant,**

v.

**William Jefferson LUTZ, Sr., Appellee.**

**No. 16314.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 18, 1974.

W. C. Shead, Houston, for appellant.

No brief filed for appellee.

PEDEN, Justice.

Mrs. Lutz brought this suit on November 12, 1971 against her former husband, seeking to recover for necessaries furnished to their children.

After a non-jury trial on the merits in the same court which granted the divorce, a take-nothing judgment was entered on November 16, 1973. The trial judge made these findings of fact:

Plaintiff and defendant were married in 1943 and divorced in January, 1965. Four children were born of the marriage, three of which were under 18 when the divorce was granted; Mrs. Lutz received their custody and Mr. Lutz was ordered to pay $120. per month for their support. On March 7, 1970 the youngest of the children reached age 18. No contempt proceeding

was ever filed under Article 4639a, Vernon's Ann.Texas Civil Statutes.

These conclusions of law were made:

The evidence was insufficient to establish plaintiff's case, so the defendant was entitled to judgment. No contempt charges having been invoked, it is essential that the plaintiff establish a sum certain as to the children's necessaries. This is not a suit in the nature of a contempt proceeding. Plaintiff failed to show that the defendant was responsible for the alleged expenses, either by contract or otherwise. Article 4639a is the source of judicial authority concerning child support until the children reach age 18.

The appellee did not file an appellate brief.

The appellant's third point of error is that the trial court erred in holding that Art. 4639a is the sole source of authority to make judgments concerning child support. We sustain this point of error. Sec. 2 of Article 4639a, Vernon's Texas Civil Statutes provided: "This Act shall be cumulative of all other laws upon the same subject, and is not intended to repeal any other law upon the subject of the care or support of such minors."

A primary purpose of Art. 4639a was to enable the courts to enforce child support payments through contempt proceedings. It did not abrogate the common law duty of a parent to support his minor children. Burrell v. VanLoh, 404 S.W.2d 860 (Tex.Civ.App.1966, no writ).

The appellant's first point of error, that the verdict is against the great weight of the evidence, fails to direct our attention to any specific finding of fact. It is multifarious and does not require our consideration. We have, however, looked to the argument under that point to see which findings of fact were disputed, but find that it complains of none of them, only of the trial court's conclusions of law. We overrule this point.

Appellant's second point of error states that the trial court erred in not establishing and finding what sum was furnished as necessaries for benefit of the minor children. We find nothing in the record to show that after the trial judge filed his findings of fact the appellant requested further, additional or amended findings as provided for by Rule 298, Texas Rules of Civil Procedure. If she desired additional findings it was incumbent upon her to make a request under the provisions of that rule. The point was waived. Stewart v. Stewart, 319 S.W.2d 154 (Tex.Civ.App.1958, no writ); Vanity Fair Properties v. Billingsley, 469 S.W.2d 453 (Tex.Civ.App.1971, writ ref. n.r.e.).

Even if the appellant had not thus waived her right to complain that the findings were not full and complete, there are other reasons why this point does not present error. The Texas Supreme Court stated in Gully v. Gully, 111 Tex. 233, 231 S.W. 97 (1921):

> "In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life."

The appellant's testimony was the only evidence offered in this case. It contained many estimates, included many items which were not necessaries, furnished little information as to the children's circumstances (and none as to those of the defendant) and, as the uncontradicted testimony of an interested witness, it did not meet the test of Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942), that if it be clear, direct, positive and free of inconsistency, and if there are no circumstances that tend to cast suspicion on it, then the witness' testimony must be accepted as true. It did no more than raise issues of fact.

The appellant's last point of error amounts only to a prayer for reversal.

We hold that the matter complained of in the appellant's third point does not present reversible error.

We affirm the judgment of the trial court.