**Jane TIDWELL and Victor Velicka, Appellants,**

v.

**Albert L. LANGE, Appellee.**

**No. 5510.**

Court of Civil Appeals of Texas, Waco.

Dec. 4, 1975.

Rehearing Denied Jan. 8, 1976.

Law Offices of Gilbert Prud'Homme, Elvis G. Schulze, Austin, for appellants.

Vernon M. Pfluger, Stayton, Maloney, Hearne & Babb, William T. Hall, Austin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Tidwell and Velicka from take-nothing judgment in a suit for specific performance of an option contract to purchase 9.14 acres of land.

Plaintiffs sued defendant Lange alleging Lange leased plaintiffs 9.14 acres by written contract which contained an option to purchase such land for $26,000; that plaintiffs have substantially and fully complied with the terms of the contract and tendered defendant the $2,600. down payment as provided in the contract, but defendant refused

to convey the property to plaintiffs. Plaintiffs prayed for specific performance of the contract to convey them the property.

Defendant answered that the contract provided plaintiffs give written notice to defendant 30 days prior to the expiration of the lease of plaintiffs' intention to purchase the property; that such option to purchase was contingent of plaintiffs not being in default; that plaintiffs were in default in payment of rental and taxes and did not give written notice of intention to purchase within the prescribed time.

Trial was to the court without a jury which rendered judgment plaintiffs take nothing.

Plaintiffs appeal on 2 points contending "The trial court erred in holding by implication that [defendant] had not waived the 30-day written notice requirement of the lease."

The contract provided defendant lease to plaintiffs 9.14 acres for a period beginning August 7, 1969 and ending August 7, 1974 for a monthly rental of $173. per month. In addition it required plaintiffs to pay for all utilities and taxes on the land before same became delinquent.

Paragraph X "provided that lessee while not in default hereunder and during the final month of this lease term, is hereby given the privilege of purchasing said premises for the sum of $26,000" [$2,600. cash down payment and a note for the balance payable in monthly installments at 8% interest over a 15 year period]. "In event that lessee shall desire to exercise this option of purchase, he shall give written notice to lessor fully 30 days prior to the expiration of this lease agreement."

The trial court at request of plaintiffs filed Findings of Fact and Conclusions of Law, summarized as follows:

### Findings of Fact

1. All parties are residents of Travis County.
2. On August 7, 1969 plaintiffs and defendant entered a lease contract under which defendant leased to plaintiffs 9.14 acres situated in Travis County.
3. The term of such lease began on August 7, 1969 and ended on August 7, 1974.
4. Such lease contract granted plaintiffs an option to purchase the property provided plaintiffs were not in default under the terms of the lease, and during the final month of the lease term, for $26,000 (on terms of payment set out therein).
5. The lease contract provided that if plaintiffs should make default for a period of 10 days the lease would be ipso facto ended and terminated, and all rights of the lessee forfeited.
6. The lease contract further provided "that neither acceptance of rental by lessor, lapse of time or any other act or omission by lessor" should constitute waiver of any breach by lessee.
7. The lease contract further provided that in order to exercise the option to purchase plaintiffs as lessee "must have given defendant written notice of their intention to exercise the option no later than 30 days prior to the expiration of the lease agreement."
8. That plaintiffs as lessee did not give defendant notice of their intention to exercise the option to purchase in accordance with the terms of the lease.
9. That at the time plaintiffs gave defendant notice of their intention to exercise the option to purchase, plaintiffs were 2 months in default of payment of the monthly lease rental payments.
10. That on July 7, 1974 plaintiffs were unable to exercise, and failed to exercise, the option to purchase in accordance with the terms of the lease contract.

### Conclusions of Law

1. Plaintiffs failed to comply with the terms of the lease contract, in de-

faulting in the payment of the monthly lease rental payments.

2. Notice given by plaintiffs to defendant on or about August 7, 1974 of plaintiffs' intention to exercise the option to purchase did not comply with the terms of the lease contract, and did not extend or revive any right in plaintiffs to purchase the property.

3. The lease contract terminated, and all rights of lessee lapsed and were forfeited no later than August 7, 1974.

4. All improvements on the premises on August 7, 1974 became property of defendant.

Plaintiffs admitted the rentals were not paid up on July 7, 1974; that two months rental was due on such date; that plaintiffs paid up the delinquent rentals on August 5, 1974, which was for the June and July 1974 rents; that taxes were past due on the property on July 7, 1974, which taxes were paid up by plaintiffs on August 7, 1974; that plaintiffs first gave written notice of desire to purchase the land on August 7, 1974.

Plaintiffs cite *Jones v. Gibbs*, 133 Tex. 627, 130 S.W.2d 265, assert that because defendant accepted the rent late, because plaintiffs orally told defendant in June 1974 they intended to exercise the option to purchase, that because plaintiffs thought the lease did not terminate until September 7, 1974, and because plaintiffs have placed valuable improvements on the property, that equity should not allow defendant to cut off plaintiffs' valuable option to purchase.

Plaintiffs filed no objections to the findings of the trial court and did not request any additional findings. The evidence is disputed that plaintiffs orally told defendant they intended to exercise the option.

■ If plaintiffs desired additional findings it was incumbent upon them to request

same as provided for by Rule 298 TRCP. Not having done so the matter was waived. *Nelson v. Flache*, CCA (Amarillo) NRE, 487 S.W.2d 843; *Lutz v. Lutz*, CCA (1st Houston) NWH, 508 S.W.2d 955; *Vanity Fair Properties v. Billingsley*, CCA (San Antonio) NRE, 469 S.W.2d 453; *Caldwell v. Caldwell*, CCA (Waco) NWH, 423 S.W.2d 140.

And omitted unrequested findings will be presumed in support of the judgment. Rule 299 TRCP.

■ In the absence of equities an optionee is held to a strict compliance with the terms of the option agreement. The lease here granted the option to plaintiffs. They did not exercise it within the time prescribed, and could not have as rentals and taxes were unpaid on the property until August 5, and 7, 1974. There are no findings of fact which make it inequitable as to plaintiffs to require a strict compliance with the notice provision. *Jones v. Gibbs*, 133 Tex. 627, 130 S.W.2d 265; *Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555.

Plaintiffs' points and contentions are overruled.

Affirmed.