Elias BUHIDAR a/k/a Louie
Buhidar, Appellant,

v.

Lyle Elmer ABERNATHY et
al., Appellees.

No. 1026.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 30, 1976.

Rehearing Denied Sept. 30, 1976.

David L. Perry, Amador C. Garcia, Corpus Christi, for appellant.

Jack Ken Dahlberg, Jr., Guy H. Allison, Allison, Maddin, White & Brin, Inc., Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

In this automobile collision case, Elias Buhidar sued Railey Paper Company, Inc., and its employee, Lyle Elmer Abernathy, for resulting personal injuries. Buhidar and Abernathy were each driving their automobiles in the same direction on a four lane street when Abernathy drove his car from the inside lane at an angle partially into the outside lane where Buhidar was traveling. A side-swipe type of collision between the two automobiles then occurred.

Trial was to a jury which found both primary and contributory negligence proximately causing the collision, and which found no injuries to or damages for the plaintiff. Based on the jury verdict the trial court entered judgment that plaintiff take nothing. From that judgment the plaintiff appeals.

This suit arose from a collision that occurred January 12, 1973. Thereafter, but before trial, the appellant was involved in two other automobile collisions. The first occurred in February, 1974; the second, in December, 1974.

By his pleadings and his evidence at the trial, appellant contended that he did not have significant back trouble before the January 1973 collision, but that the January collision caused him serious back difficulties which resulted in surgery, repeated hospitalization and severe permanent disability. He maintained that his weakened back was further aggravated by the two subsequent collisions. Additionally, he claimed that his back injury and disability caused him psychiatric depression, with suicidal tendencies, which in turn caused him to lose his ability to manage his business, consisting of beauty salons and wig sales and styling salons in four locations in the Corpus Christi area. All of this, according to him, produced the appellant's eventual bankruptcy in 1974.

On appeal the appellant does not attack directly the jury findings. Instead, he levels his attack for reversal primarily on the trial court's admission of evidence about his prior acts of misconduct. His position is that the evidence complained of was irrelevant and so inflammatory that a new trial is required.

Appellant Buhidar brings forward ten points of error. In his first three points the appellant urges that the trial court erred in admitting evidence: 1) that Buhidar had used marijuana; 2) that Buhidar had been court-martialed for being absent without leave from the armed forces in the late 1950's; and 3) that Buhidar had been convicted on a hot check charge in the later 1950's or early 1960's.

In that regard, Dr. May, appellant's psychiatrist, testified on direct examination that he began treating Buhidar in February following the automobile collision in January 1973. Dr. May told of the course of Buhidar's mental condition from his first visit until his last visit in late 1974. According to the psychiatrist, Buhidar had

been in a severe emotional depression with suicidal tendencies at times, which required psychiatric hospitalization on one occasion. It was Dr. May's opinion that Buhidar's back problems were probably a precipitating factor in his mental illness.

On cross-examination, appellees' attorney by separate questions inquired of Dr. May whether appellant's court-martial, hot check conviction and marijuana use could have had any influence on appellant's emotional difficulties. Dr. May answered in each instance that it could have but that it was his opinion that it did not. This evidence was admitted over appellant's objection and after it had first been developed outside the presence of the jury.

Appellant argues that a party may not be discredited or impeached for specific acts of misconduct; that this evidence was so remote that its probative effect was outweighed by its probable wrongful effect on the jury. He cites several cases in support of these assertions: accusation of a crime, *Austin Road Company v. Ferris,* 492 S.W.2d 64 (Tex.Civ.App.—Ft. Worth 1973, writ ref'd n. r. e.); possession of marijuana, *Texas Employers' Insurance Ass'n. v. Garza,* 308 S.W.2d 521 (Tex.Civ.App.—Amarillo 1957, writ ref'd n. r. e.) and *General Ins. Corp. v. Handy,* 267 S.W.2d 622 (Tex.Civ. App.—San Antonio 1954, writ ref'd n. r. e.); desertion from the army, *Gulf, C. & S. F. Ry. Co. v. Johnson,* 83 Tex. 628, 19 S.W. 151 (1892).

We agree with the evidentiary principles set out in those cases, but we do not deem them dispositive of appellant's first three points under consideration here. On the contrary, what we consider applicable here is the evidentiary principle about mental illness set out in 2 McCormick & Ray, Texas Evidence § 1532, page 379 (2d ed. 1956) as follows:

" . . . With reference to conduct it may be said that practically every act of a person's life throws some light on his mental condition, and therefore no limitation can be made as to the kinds of conduct receivable for this purpose. . . ."

Essentially the same principle was approved in *Miguez v. Miguez,* 221 S.W.2d 293 (Tex. Civ.App.—Beaumont 1949, no writ).

■ There is another reason we decline to sustain appellant's first three points. The complained of evidence was proper cross-examination of the psychiatrist as affecting the jury's opinion of his credibility and an understanding of what he did or did not consider as a basis for his opinion. *Hefley v. State,* 480 S.W.2d 810 (Tex.Civ.App.— Ft. Worth 1972, no writ).

■ There is yet another reason we refuse to sustain these points. Appellant elicited evidence about Buhidar's having a check returned to him for insufficient funds. This was in connection with his Small Business Administration loan payment. Further, on cross-examination, Dr. May injected his opinion about the use of marijuana that, if believed, negated any other evidence complained of about marijuana that might have been prejudicial to Buhidar. Consequently, if there was error in the admission of the evidence about acts of misconduct on the part of the appellant, it was harmless error. Rule 434, T.R.C.P. We overrule appellant's first, second and third points of error.

In his fourth and fifth points, appellant insists that the trial court erred in refusing to allow appellant: 4) to present evidence in support of Dr. May's testimony that infrequent use of marijuana was unrelated to appellant's mental illness; and 5) to make a bill of exceptions on appellant's offer of proof regarding the effects of marijuana.

■ After Dr. May had testified on cross-examination that appellant had used marijuana (over appellant's objection), appellant's counsel, on re-direct, then produced testimony from Dr. May that he saw no evidence of detrimental effect on Buhidar from smoking marijuana. By his next question, appellant's counsel asked the doctor if marijuana smoked by appellant had had any more effect than that smoked by appellees' counsel. Appellees' objection to that question was sustained.

Later, out of the presence of the jury, appellant's counsel began to make his bill of exceptions on the matter by calling appellees' counsel as a witness. The first question asked of appellees' counsel was whether he had ever smoked marijuana. The witness interposed an objection to the question on the ground of relevancy, and the objection was sustained. No more questions were asked appellees' counsel. But Dr. May was then asked, and he answered, several questions about the effects of any marijuana that might have been smoked by appellees' counsel. Eventually an objection by appellees' counsel was leveled at that line of questioning, and the objection was sustained by the trial court with the further admonition that he would hear no more on the subject, but that appellant could make a bystander's bill if he so desired. The appellant complains here about the trial court's action in refusing to allow completion of the bill.

█ We deem that there was no error in the trial court's ruling that purported acts of misconduct by appellees' attorney were not relevant to any condition Buhidar may have been suffering. Therefore, the trial court's refusal to permit further similar inadmissible evidence on a bill of exceptions was not error. We point out that the trial court did not deny appellant the right to make a bill on the effects of marijuana. The court just precluded questioning about supposed acts of misconduct on the part of appellees' counsel and appellant made no further effort to perfect his bill. There are other methods of making a bill of exceptions, none of which appellant pursued, and it was appellant's burden to make and bring forward a proper bill of exceptions. See *Victoria Comfort Air Co. v. Alamo Express, Inc.*, 529 S.W.2d 250 (Tex.Civ.App.—Corpus Christi 1975, no writ); *LeNoble v. Weber, Hall, Cobb and Caudle, Inc.*, 503 S.W.2d 321 (Tex.Civ.App.—Tyler 1973, no writ); *Morris v. City of Houston*, 466 S.W.2d 851 (Tex. Civ.App.—Houston [14th Dist.] 1971, no writ). Appellant's fourth and fifth points are overruled.

Appellant further urges, in his sixth and seventh points, that the trial court erred: 6) in admitting testimony that appellant and witness Galvan had participated in burning a Small Business Administration file; and 7) in failing to grant appellant a new trial on grounds of newly discovered evidence about the file.

█ These complaints arose from testimony about an SBA loan of approximately $36,000.00 that appellant had obtained based upon his Hurricane Celia losses. Appellant's witness Galvan testified that he was a loan specialist for SBA; that before the subject accident, Buhidar managed his business properly; that after the accident, Buhidar was unable to manage his business properly because of his pain; that Buhidar's SBA file was no longer in the local office because it had been transferred to Washington, D. C., in connection with Buhidar's bankruptcy proceedings.

Thereafter, over appellant's objection, Christine Buhidar (appellant's former wife) testified that a file, which appellant told her was an SBA file, was burned by appellant and Galvan in the Buhidars' home barbecue pit. It is this testimony of Mrs. Buhidar that appellant says was evidence of fraudulent or criminal activity and thus inadmissible for impeachment purposes. We hold, for the reasons we have discussed in our consideration of appellant's points 1, 2 and 3, that the evidence of file burning was admissible, at least, on the issue of appellant's purported mental illness.

This brings us to appellant's newly discovered evidence contention. At the hearing on the motion for new trial, appellant introduced a file purported to contain documentation of appellant's SBA loan. The existence of the file, appellant argues, conclusively disproves Mrs. Buhidar's testimony that the SBA file was destroyed by appellant and witness Galvan, thus the availability of the disputed file requires a reversal on the ground of newly discovered evidence.

█ Whether to grant a new trial upon newly discovered evidence is within the sound discretion of the trial judge. Unless

an abuse of discretion is shown, the decision will not be disturbed on appeal. *Mercer v. Mercer,* 503 S.W.2d 395 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Munden v. Chambless,* 315 S.W.2d 355 (Tex.Civ.App.—Dallas 1958, writ ref'd n. r. e.). In order to require the granting of a new trial, it was necessary for appellant to introduce admissible competent evidence at the hearing of the motion for new trial showing the existence of the newly discovered evidence relied on, and to show that the evidence relied on did not tend only to· impeach the evidence of the adversary. *Anderson v. Griffith,* 501 S.W.2d 695 (Tex.Civ.App.—Ft. Worth 1973, writ ref'd n. r. e.); *Jacobi v. Texas State Board of Medical Examiners,* 308 S.W.2d 261 (Tex.Civ.App.—Waco 1957, writ ref'd n. r. e.). We note that the file offered at the hearing did not comply with Tex.Rev.Civ. Stat.Ann. art. 3731a; § 4 (Supp.1975) in that there is no accompanying certificate that the attesting officer has the legal custody of such record; that the file, if considered, tended only to impeach Mrs. Buhidar. Therefore, the trial court did not abuse its discretion in overruling appellant's motion for new trial. Appellant's sixth and seventh points are overruled.

In appellant's eighth point, he asserts error by the trial court in admitting evidence of a police investigation of the appellant for an assault charge.

One of appellees' witnesses, a nephew of appellant's ex-wife, testified that appellant accosted him and started a fight in a fashion that did not indicate an injured back. Appellant presented evidence that no such incident occurred. Appellees later called an officer of the Corpus Christi Police Department. The officer indicated an investigation had been made of the incident. It is the officer's testimony of which appellant complains, because it informs the jury that the nephew was identified as the victim of an assault and appellant was investigated as the assailant. And appellant says that the evidence of the investigation of him is so prejudicial as to require reversal. We disagree. The evidence about the fight was clearly admissible on the issue of appellant's disability. And we are not convinced that the evidence of the police investigation of the fight would be error any more than the police investigation of the accident sued on would be error. Appellant's eighth point is overruled.

Next, appellant assigns error, by his ninth point, to the trial court's action in overruling appellant's objections to the jury argument of appellees' counsel which inferred other claims by appellant were pending. Appellant produced evidence of his involvement in two accidents subsequent to the accident made the basis of this suit and contended that the subsequent accidents aggravated his injuries received in the initial accident. There was no evidence of claims made based on the subsequent accidents. In his jury argument appellees' counsel did refer to the December 1974 accident in terms .that appellant "will ask for a lot of money" and that another doctor at another time will say "it's all caused by the . . December of '74 wreck." Appellant objected only to the first reference to the December 1974 wreck. The trial court overruled the objection. No objection was made to the second reference. Further, appellees' attorney, after he made the above quoted argument, told the jury, "But we're trying the first one" (of January 1973). He then followed that with a proper reference to the trial court's charge on aggravation.

We feel that some of the argument was improper, but upon our consideration of the circumstances above and the record as a whole, we hold that the argument did not amount to such a denial of appellant's rights as was reasonably calculated to cause or probably did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P. Appellant's ninth point is overruled.

Finally, in his tenth and last point, appellant says that the errors complained of, considered cumulatively and in light of the entire record, were so prejudicial to the appellant as to require reversal. For the reasons and discussions set out by us in overruling appellant's nine prior points of error, we overrule appellant's tenth point.

The judgment of the trial court is affirmed.