Rose Marie **FETTIG**, Appellant,

v.

Stewart Eldon **FETTIG**, Appellee.

No. 1414.

Court of Civil Appeals of Texas, Tyler.

June 18, 1981.

 
 
 
 
 
 

 
 
 
 
 

 
 
 
 
 
 
 
 

 
 
 
 
 
 

 
 
 
 
 
 
 

 
 
 
 
 
 
 

**264**

Randall C. Simmon, Office of Benjamin J. Cuba, Temple, for appellant.

Henry Taylor, Jr., Taylor, Taylor, Gauntt & Guess, Temple, for appellee.

SUMMERS, Chief Justice.

This appeal arose out of a divorce action brought by the father, Stewart Eldon Fettig (appellee) against his wife, Rose Marie Fettig (appellant), who filed an answer and counterclaim. After a non-jury trial, the trial court granted the divorce, divided the property of the parties, appointed the father managing conservator of their four children and named the mother possessory conservator of said children with specified rights of possession and visitation. Rose Marie Fettig is now appealing from that portion of the divorce judgment which appointed Stewart Eldon Fettig managing conservator of the children, predicating her appeal upon sixteen points of error.

We affirm.

The record reveals that the parties were married on or about January 10, 1960. The four children of the marriage, all under 18 years of age, are: a girl, Deanna Marie Fettig, born September 13, 1963; a girl, Jacqueline J. Fettig, born March 1, 1966; a boy, Lester Allen Fettig, born February 28, 1967; and a boy, Daron J. Fettig, born September 27, 1970.

Upon appellant's request the trial court filed findings of fact and conclusions of law. The findings of fact material to this appeal, as numbered by the trial court, are as follows:

7. The oldest three children of the marriage informed the Court in its cham-

bers that they desired to live with their father because their mother was trying to force her religion on them.

8. The relationship between the mother and the two girls has deteriorated to the extent they no longer respected her position and would resist her wishes in every possible way.

9. Because of the relationship among the children, the Court did not wish to divide custody of the children and felt that it was in the best interest of the children that they remain in tact [sic] as a familial unit.

The conclusions of law material to this appeal, as numbered by the trial court, are as follows:

2. That it is in the best interest of the children, to-wit: DEANNA MARIE FETTIG, JACQUELINE J. FETTIG, LESTER ALLEN FETTIG, and DARON J. FETTIG, that STEWART ELDON FETTIG be appointed Managing Conservator and shall have all the rights, privileges, duties and powers of a parent to the exclusion of the other parent subject to the rights, privileges, duties and powers granted to the Possessory Conservator.

3. That it is in the best interest of the children that Rose Marie Fettig be appointed Possessory Conservator of the children.

■ Appellant's points one and two assert that "the court erred against the great weight and preponderance of the evidence in failing to enter a finding of fact" (1) that Stewart Eldon Fettig so influenced the two girls and (2) so influenced the two girls and oldest boy against Rose Marie Fettig that the children's affections had been alienated against her. In point three appellant asserts that the trial court erred as a matter of law in failing to enter a finding of fact that the appellee so influenced the two girls against Rose Marie Fettig that said children were alienated against her. We find no merit in these contentions. The trial court, in response to appellant's request, filed its findings of fact and conclusions of law. Appellant did not thereafter request fur-

ther, additional or amended findings as provided for in Tex.R.Civ.P. 298. Appellant therefore waived her right to complain on appeal of the court's failure to enter additional findings of fact or to contend the findings which were entered were not full and complete. Points one through three are overruled. *Vanity Fair Properties v. Billingsley*, 469 S.W.2d 453, 455 (Tex.Civ. App.—San Antonio 1971, writ ref'd n. r. e.); *Tidwell v. Lange*, 531 S.W.2d 384, 386 (Tex. Civ.App.—Waco 1975, no writ); *Cortez v. Corsi*, 513 S.W.2d 648, 650 (Tex.Civ.App.— Corpus Christi 1974, writ ref'd n. r. e.; *Lutz v. Lutz*, 508 S.W.2d 955, 956 (Tex.Civ.App. —Houston [1st Dist.] 1974, no writ).

In points five through seven appellant complains that the appointment of Stewart Eldon Fettig as managing conservator was (5) based upon insufficient evidence, (6) was so against the great weight and preponderance of the evidence as to amount to an abuse of discretion, and (7) was contrary to the undisputed evidence as a matter of law.

■ Section 14.01 of the Texas Family Code expressly provides that in determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent. This section "is to put both parents on an otherwise equal plane in a child custody case, and thus remove a preference for the mother." *Adams v. Adams*, 519 S.W.2d 502, 503 (Tex. Civ.App.—El Paso 1975, no writ); see, *Tye v. Tye*, 532 S.W.2d 124, 127 (Tex.Civ.App.— Corpus Christi 1975, no writ). In determining the matter of managing conservatorship, the welfare and best interest of the children shall always be paramount and the primary consideration of the court. Tex. Fam.Code Ann. § 14.07 provides in part:

(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child . . . .

(b) In determining the best interest of the child, the court shall consider the circumstances of the parents . . . .

■ In deciding a "no evidence" point, an appellate court must view the evidence in the light most favorable to the court's findings, considering only the evidence and the inferences tending to support the findings, and disregarding all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965)

■ Upon applying the above-mentioned rules of law to the facts, we are of the opinion that there is sufficient evidence of probative force to support the action of the trial court in appointing Stewart Eldon Fettig as managing conservator.

Stewart Eldon Fettig testified that he felt the children would be better off if he had custody; that the three oldest have problems getting along with their mother; that she has whipped one of them and they do not agree with her religion (Jehovah's Witnesses); that the three oldest children have stated to him that they would prefer living with him; that he was financially able to take care of the four children, look after and educate them; that he has a biweekly take-home pay of $718.84; that Mrs. Fettig would not make a decision and the children would come to him for advice; that it has been up to him to make the important decisions and that none were made by Mrs. Fettig except in his absence; that he believes the children would do what Mrs. Fettig says if treated properly; that the children are good children, in good health, and have not been involved in any serious trouble.

Mrs. Fettig testified she and the girls do not get along very well of late; that she gets along better with the younger boy than the older one; that as children become older, they do not get along as well with their parents as when they are younger; that as children become older, they want more freedom depending on their own ideas; that she has whipped the girls with a belt a time or so; that she recently started an automobile painting shop with a friend near Belton; that at the time of trial they had a few jobs lined up but had not actually collected any money; that throughout the winter she had run a delivery service for working mothers, taking children from school to baby sitters or other places and she had two jobs remaining from that service which would continue through the summer months.

Deanna Marie Fettig testified that she would like to live with her father; that she and her mother do not get along; that they have a difference in religion; that she thought she would be better off and happier in her father's custody.

Jacqueline J. Fettig testified that her dad was a very good father; that she would like to live with him and recommended that he be appointed her managing conservator; that she and her mother cannot get along and disagree regarding her mother's religion; that she would be better off in her father's custody.

In his testimony, Lester Allen Fettig also expressed a preference to live with his father and requested the court to appoint his father as his managing conservator.

Terri Armur, a neighbor, testified that she had known the Fettigs for 19 to 20 years; that she and her husband generally visited the Fettigs three to four times a week; that in her opinion all four children would probably be better off with Mr. Fettig and she recommended that he be appointed their managing conservator; that the children love him deeply; that he is a caring father who is financially able to keep and care for his children better than anyone else; that he knows when to be strict and when not to be. Her husband, Lee Armur, testified he has known the Fettigs six years; that the families have visited frequently; that from being with the Fettig family, seeing them act together and from the treatment they have received from both parents, he would recommend that Mr. Fettig be appointed managing conservator. Appellant's seventh point is overruled.

■ In disposing of a point of error which asserts factually "insufficient evidence," this court must consider the entire record, weigh all the evidence, and reverse and remand the case only if it is so contrary to the great weight and preponderance of

the evidence as to be manifestly unjust and unfair. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). After a review of the entire record, we cannot agree with appellant's contention that the appointment of Mr. Fettig as managing conservator was not supported by factually sufficient evidence or was against the great weight and preponderance of the evidence.

■■■ The matter of determining who should be appointed managing conservator of the minor children herein was addressed to the sound discretion of the trial judge as the trier of fact. The trial judge is in a better position than the appellate court to determine what will be the best interests of the children since he faces the parties and their witnesses, observes their demeanor, and has the opportunity to evaluate the claims made by each of them. In determining what is best for the children in a custody proceeding, the trial court's judgment will not be disturbed by an appellate court unless there has been a clear abuse of discretion. *Herrera v. Herrera*, 409 S.W.2d 395, 396 and 399 (Tex.1966); *Mumma v. Aguirre*, 364 S.W.2d 220, 223 (Tex.1963).

■■■ Under the record before us, we cannot say the trial judge abused his discretion in appointing the father managing conservator of the children. Appellant's points of error five and six are overruled.

In her eighth and ninth points of error, appellant complains that the court erred in overruling her First Amended Motion for New Trial (To Set Aside Amended Decree of Divorce Rendered on November 15, 1979) because (8) newly discovered evidence showed appellant had not been accorded any visitation rights with the two older girls from at least July of 1979 until December 10, 1979; and (9) newly discovered evidence showed Lester Allen Fettig had preferred his father because his father did not make him go to church and because his father had promised him a mini-motorcycle if he gained custody. We overrule these points.

Although accompanied by affidavits, the record on appeal does not show that Mrs. Fettig offered any evidence at the hearing of her motion for new trial.

■■■ It is well settled that in order to require the granting of a new trial on grounds of newly discovered evidence, *it is essential that the moving party introduce admissible, competent evidence at the hearing on the motion for new trial* showing (1) the existence of the newly discovered evidence, (2) that the moving party had no notice of the existence of such evidence prior to the time of trial, (3) that due diligence was exercised to procure the evidence prior to trial, (4) that the evidence is not merely cumulative and does not tend only to impeach, and (5) that the evidence would produce a different result if a new trial were granted. *Estate of Arrington v. Fields*, 578 S.W.2d 173, 180 (Tex.Civ.App.— Tyler 1979, writ ref'd n. r. e.); *Anderson v. Griffith*, 501 S.W.2d 695, 702–703 (Tex.Civ. App.—Fort Worth 1973, writ ref'd n. r. e.); *Jacobi v. Texas State Board of Medical Examiners*, 308 S.W.2d 261, 265 (Tex.Civ. App.—Waco 1957, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice, sections 18.16.1–18.16.5, pp. 285–291.

■■■ Appellant cannot claim any error, where as here, no admissible, competent evidence was offered at the hearing on her motion for new trial showing the existence of the alleged newly discovered evidence. *Buhidar v. Abernathy*, 541 S.W.2d 648, 653 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *Bullard v. Carroll Equipment Company*, 539 S.W.2d 384, 386 (Tex.Civ.App.—Waco 1976, no writ); *Jacobi v. Texas State Board of Medical Examiners*, supra. The affidavit of Mrs. Fettig relating to visitation rights concerns exercise and enforcement of her rights under the decree rendered rather than being grounds for new trial as newly discovered evidence. The affidavit of Dorothy McCloskey regarding her conversation with the two boys, Daron and Lester, was hearsay and would not have been admissible or competent even though she had offered to testify to the truth of the boys' statements contained in the affidavit. The trial court did not abuse his discretion in overruling the motion for

new trial on the ground of newly discovered evidence, since none was proved.

In her tenth point of error, appellant asserts that the court erred in interviewing the three older children after the close of the evidence, after the argument of counsel, and after each of said children had previously testified.

Section 14.07 of the Texas Family Code, as amended (1977, 65th Legislature, effective August 29, 1977) provides in Subdivision (c) thereof that:

> In a nonjury trial the court may interview the child in chambers to ascertain the child's wishes as to his conservator. Upon the application of any party and when the issue of managing conservatorship is contested, the court shall confer with a child 12 years of age or older and may confer with a child under 12 years of age, but in either event the results of such interview shall not alter or diminish the discretionary power of the court. The court may permit counsel to be present at the interview. On the motion of a party or on the court's own motion, the court shall cause a record of the interview to be made when the child is 12 years of age or older, which record of the interview shall be made part of the record in the case.

The statement of facts reveals that at the conclusion of the arguments of counsel, the court made the following announcement in open court: " . . . Counsel, I'm going to take a recess at this time and I'm going to have an *in camera* hearing with the three oldest children [all being 12 years of age or older]." No objection was made by appellant to this action by the trial court, and no request was made by counsel to be present at the interview. The record further discloses that after the recess and interview, appellant requested and was granted permission by the court to reopen to offer testimony on attorney's fees, but did not object or make any request concerning the in chambers interview of the children.

In her brief appellant contends that since the children had already expressed their wishes as to conservatorship in open court, such interview by the court was not authorized. We do not agree. The statute does not place that kind of limitation on the court's authority to interview the child in chambers. Appellant also contends in her brief that it should be the *duty* of the court to announce to counsel the matters disclosed or give counsel a summary of any testimony the court considered important and not previously elicited so that such matters might be rebutted, explained or otherwise contradicted. We do not agree. The statute, as now amended, does not require a record of the interview to be made except on the motion of a party or on the court's own motion. Having failed to timely object or make any request concerning the interview, and furthermore, having failed to move the court for a record of the interview to be made, appellant has waived her right to complain now of the interview and her inability to secure such record. Point ten is overruled.

By her eleventh point appellant contends that "the court erred contrary to the undisputed evidence and as a matter of law" in entering Finding of Fact No. 7 in which the court found: "The oldest three children of the marriage informed the court in its chambers that they desired to live with their father because their mother was trying to force her religion on them." In point twelve appellant contends that such finding is against the great weight and preponderance of the evidence. Although poorly worded, the trial court has included this matter as a finding of fact and will be construed as a finding that the three oldest children desire to live with their father because their mother was trying to force her religion on them. The only record of testimony elicited at the in chambers interview is that which is recited in this finding. In other testimony given in open court, the three oldest children each expressed a desire to live with their father; the two oldest girls each testified that they do not get along with their mother and that they have a difference or disagree with their mother regarding their mother's religion. Considering only the evidence and circumstanc-

es favorable to the finding and disregarding all evidence to the contrary, we are of the opinion that there is evidence of probative force to support the finding. Further, after having reviewed the entire record, and having weighed and balanced all the evidence, we have concluded that such finding is not against the great weight and preponderance of the evidence.

In cases where specific findings of fact have been filed and a statement of facts is also brought forward, the findings made by the trial court will be sustained if there is any evidence to support them. 4 McDonald, Texas Civil Practice, 16.10(b), p. 29 (1971). *Arnold v. Caprielian*, 437 S.W.2d 620, 625 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.). Points eleven and twelve are overruled.

Appellant complains in her thirteenth point that the court erred in admitting the testimony of Deanna Marie Fettig that her younger brothers would be better off with her father.

Appellee's counsel inquired of Deanna Marie Fettig:

Q State whether or not in your opinion having lived at home and with your brothers, that—what is your opinion as to whether or not your two brothers would be better off with your father or with your mother?

A I think they'd be better off with my father.

Q You are then recommending to the court that the custody of your two brothers also be awarded to your father.

A Yes.

Appellant's counsel stated:

"I object to the expertise of the witness in being able to give an opinion concerning that...." and then said "I think we should strike the question and statement." The court announced "I'm going to allow it."

We believe that the witness was qualified to express the lay opinion which she gave. She was the oldest child, fifteen years of age, and had lived in the family home all her life. By her own experience and observation, she had personal knowledge of the circumstances and conditions in the family home, the environment and guidance provided by her mother and father. Point thirteen is overruled.

In her fourth, fourteenth and fifteenth points of error, appellant complains that "the court erred against the great weight and preponderance of the evidence" as follows:

(4) in giving probative value to the preferences of the children in its Findings of Fact 7 and 8 because improper influence of their father rendered these preferences unreliable,

(14) in entering Finding of Fact 8 that "The relationship between the mother and two girls has deteriorated to the extent they no longer respected her position and would resist her wishes in every possible way."

(15) in entering Finding of Fact No. 9 that "Because of the relationship among the children, the court did not wish to divide custody of the children and felt it was in the best interest of the children they remain in tact [sic] as a familial unit."

After having reviewed the entire record, and after having weighed and balanced all the evidence, both that in favor of findings 7, 8 and 9, as well as that against such findings, we have concluded that none of such findings are against the overwhelming weight and preponderance of the evidence. Points four, fourteen and fifteen are overruled.

In her sixteenth point of error appellant complains that the court erred in entering Finding 9 in conflict with Finding No. 8. We do not agree. The two findings relate to different subjects and there is no conflict. The point is overruled.

The judgment of the trial court is affirmed.