**JAMES HOLMES ENTERPRISES, INC., Appellant,**

v.

**JOHN BANKSTON CONSTRUCTION & EQUIPMENT RENTAL, INC., Appellee.**

**No. 09 82 086 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 17, 1983.

Rehearing Denied Dec. 29, 1983.

dered by the trial court in favor of appellee, John Bankston Construction and Equipment Rental. Appellant asserts two points of error. One, the trial court erred in denying appellant's right to recover additional monies and two, in denying appellant's right to recover reasonable attorney's fees.

The record shows that both appellant and appellee admitted the existence of an oral contract for the purpose of constructing concrete manholes, that appellant completed construction and presented appellee with an invoice showing a total due of $9,525.00. Appellee made a partial payment of $7,725.00, leaving a balance due of $1,800.00.

Appellee has refused to pay the balance due on the account, alleging that appellant breached their contract and failed to complete the work in a good, workmanlike manner. Though the evidence is conflicting, it appears that two—not four, as appellee alleges,—of the concrete catch basins were found to be substandard and were not approved by the city inspector. Appellee was then required to remove and repair the substandard work at his own expense, a total of $1,828.76.

The trial court's take nothing judgment based on appellant's First Amended Original Petition claiming $1,800.00 as the amount owed minus the $1,828.76 claimed by defendant would have been correct. However, the appellant attempted to put on proof at trial that the invoice was incorrectly added and the actual amount owing was $3,600.00. The appellant orally requested a trial amendment to reflect the correct amount owed.

*Tex.R.Civ.P. 66* (Vernon 1979) says "if during the trial any defect, fault or omission in a pleading either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended ..." However, *Tex.R.Civ.P. 45(d)* (Vernon 1979) requires that all "[p]leadings in the district or county courts shall ... [b]e in writing, signed by the party or his attorney, and shall be filed with the clerk."

James Montgomery, Jr., Sibley & Montgomery, Beaumont, for appellant.

Brack Jones, Beaumont, for appellee.

McNICHOLAS, Justice.

This suit was brought to recover a sum due on an account based on an oral contract.

Appellant, James Holmes Enterprises, appeals from a take nothing judgment ren-

Here, there is no evidence in the record or the transcript that appellant's proposed trial amendment, though granted by the trial court judge, was ever presented in writing or filed by the court as required by *Rule 45(d)*. Appellant did not file any objections to the trial court's findings, or request any additional findings, as required by *Tex.R.Civ.P. 298* (Vernon 1977). It is incumbent upon appellants to request any desired additional findings, and any omitted unrequested findings will be presumed in support of the judgment. *Tidwell v. Lange,* 531 S.W.2d 384 (Tex.Civ.App.—Waco 1975, no writ); *Tex.R.Civ.P. 299* (Vernon 1977.)

"The want of sufficient pleadings to support a judgment is as fatal to the judgment as a want of evidence, and a judgment can no more be properly rendered on insufficient pleadings than on insufficient evidence." *Mize v. Wood County,* 460 S.W.2d 152 (Tex.Civ.App.—Tyler 1970, no writ). Therefore, the amount plead in the appellant's First Original Amended Petition remains $1,800.00; there being no increase in the amount in controversy, there is no basis upon which appellant could recover any monies.

Further, no attorney's fees will be allowed as appellant is not the prevailing party and is not recovering any monies on his claim against appellee. *Jay-Lor Textiles, Inc. v. Pacific Compress Warehouse Co.,* 547 S.W.2d 738 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Tex.Rev.Civ. Stat.Ann. Art. 2226* (Vernon Supp. 1982–1983).

The trial court's take nothing judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

Following our affirmance of the trial courts take nothing judgment, appellant filed this motion for rehearing.

In our prior opinion we asserted two reasons to deny appellant-plaintiff's appeal. First, we discussed the appellant's oral trial amendment and second, we discussed appellant's failure to request any additional findings of fact.

This court, on its own initiative, during oral arguments, raised the question of the effectiveness of appellant's trial amendment. We held appellant's oral trial amendment did not meet the pleading requirements of *TEX.R.CIV.PROC. 45(d)* (Vernon 1979) and was, therefore, ineffective to amend appellant's original pleadings. The result was that appellant was bound by the amount he originally pled and thus, was not entitled to recover additional monies from appellee.

This court should not have considered any error not raised or argued by either party. The Texas Supreme Court has held that it is error for a Court of Appeals to consider unassigned points of error. *American General Fire & Casualty Co. v. Weinberg,* 639 S.W.2d 688 (Tex.1982). When a point of error is not preserved in accordance with *TEX.R.CIV.PROC. 418(d)* (Vernon Supp.1983) the error is not properly before the appellate court for review. The failure to present a point of error amounts to a waiver thereof. *McBurnett v. Gordon,* 534 S.W.2d 370 (Tex.Civ.App.—Beaumont, 1976, writ ref'd n.r.e.) and cases cited therein.

Findings of facts are the decisions of the judge and reflect the ultimate and controlling factual issues of a plaintiff's claim or a defendant's defense. From the findings of fact the trial court judge draws his conclusion of law which support his disposition of the case at bar.

If a party deems the findings or conclusions supporting the judgment incorrect or incomplete he should request specified, additional or amended findings. *TEX. R.CIV.PROC. 298* (Vernon 1977). Where the court's findings of facts are unchallenged, these findings will constitute undisputed facts binding on all the parties. *City of Ft. Worth v. Bewley,* 612 S.W.2d 257 (Tex.Civ.App.—Eastland, 1981, writ ref'd n.r.e.) These findings will be sustained if there is any evidence in the record to support them. *C.R. Groves v. Business Men's*

*Assur. Co.,* 635 S.W.2d 872 (Tex.App.—Tyler, 1982, no writ).

In this case, the trial court filed five specific findings of facts. The judge found that "Holmes [appellant] failed to perform work in a good, workmanlike manner" and "failed to construct according to certain City of Beaumont building specifications." Further, the court found that "Bankston [appellee] was required to perform additional services outside the existing oral contract to bring said substandard work to City of Beaumont Standards."

We have reviewed the record and we find sufficient evidence to support the trial court's findings of fact. We therefore, affirm the trial court's judgment, and overrule the motion for rehearing.